A



IN THE UNITED STATES DISTRICT COURT

DISTRICT OF TEXAS AT AUSTIN

| | | |
|---|---|---|
| Jim L. Walden, | ) No. **A05CA444 LY** | |
| Plaintiff, <u>pro se</u>, | ) | |
| | ) COMPLAINT FOR THE PERPETUATION | |
| vs. | ) OF TESTIMONY. | |
| | ) | |
| UNITED STATES,  JOHN F. | ) | |
| PANISZCZYN, JAMES ASHTON, | )   F.R.Civ.P. 27; 5 USC §§ 701-706. | |
| and any and all marital communities | ) | |
| enjoined thereto, | ) | |
| DEFENDANTS, | ) | |

## I. INTRODUCTION, JURISDICTION, VENUE.

1.1 COMES NOW, Plaintiff hereto, seeking specific relief on the form of perpetuation of testimony relevant to certain modes of perceived misconduct on the part of the Defendants, as it would relate to review available under the Administrative Procedures Act ("APA") at 5 USC §§ 701-706. Plaintiff has witnessed the overtly criminal misconduct on the part of the DOJ and its prosecutors in a recent federal case and perceives a real danger of victimized in kind, making it too late to preserve reputation, good standing, good credit, liberty and property.

1.2 Plaintiff views the criminal misconduct of Edward E. Groves (DOJ prosecutor) in *U.S. v. Hardy* in U.S. District Court, Honolulu, HI, #[CR-02-00133-SOM-BMK-01] as the

COMPLAINT TO PERPETUATE TESTIMONY;
F.R.Civ.P. 27, 5 USC §§ 701-706.   Page 1 of 7

promise that victimization in kind awaits him now that a prosecutor may be lying to a Grand Jury about him as this is written, representing the Plaintiff to that body as one over whom statutory authority is enjoyed by the IRS. The Grand Jury doesn't know to ask the prosecution if any § 6654 additions to the tax have been imposed, and it certainly doesn't know to ask if the IRS has an opinion as to the Plaintiff's conduct, which is part of the record available to the DOJ. It doesn't know to ask the questions which prove the DOJ to be committing crimes against the Plaintiff with its help and blessings in the form of a "True Bill."

1.3 Plaintiff knows that said prosecutor will commit perjury to federal magistrate's to steal the money and other property of his friends and associates, as the court has permitted in *Hardy*. Plaintiff knows that said prosecutor will conceal exculpatory evidence for as long as it takes to get a conviction, and that this is permitted by the court in *Hardy*.

1.4 The IRS has levied property away from the Plaintiff under 26 USC § 6331 without having first issued to him a "Notice of Deficiency" as required under 26 USC §§ 6211-6213. It is in advance (hopefully) of such victimization at the hands of the Defendants the Plaintiff seeks to build a duly representative record from which to determine if in fact the conduct of the Defendants is reasonable and within statutory limitations of authority.

1.5 This action arises under the U.S. Constitution 5th Amendment, 5 USC §§ 701-706 from which Defendants are not exempted, and is provided for under FRCvP 27. All acts to which Plaintiff attributes the need for this action occurred or will occur within the geographical boundaries of Texas state. This action concerns only an IRS Summons for records and not taxes, interest or penalties so it is not barred by the Anti-Injunction Act at 26 USC 7421. The IRS has issued no "Notice of Deficiency" to the Plaintiff, so U.S. Tax Court enjoys no jurisdictional requisites found in 26 USC §§ 6211-6213. This Court has jurisdiction and venue is proper.

## II. PARTIES, FACTS, & EXHIBITS.

2.1 Defendants JAMES ASHTON and others acting concert have as addresses of local operation of 215 W. 26th, Bryan, TX   77803.

2.2 Plaintiff, Jim L. Walden, has a mailing address of 1100 Woods Loop, Driftwood, TAX  78619. Plaintiff is a resident of Texas, and he is a Citizen of the United States as defined in regulation 26 CFR 1.1-1(c) just as the IRS says, *ala*, "Any person born or naturalized in the

United States and subject to the jurisdiction thereof." Plaintiff reserves all rights not expressly waived, and nothing herein shall be construed as a concession of any nature.

2.3 Defendants are demanding that the Plaintiff disclose personal records while failing to tell the Plaintiff that he has constitutional rights against disclosure. Defendants have already issued and served notices of levy to acquire Plaintiff's property by distraint. (See **Ex. A hereto**).

2.4 Defendants have made it clear to the Plaintiff that they will use this Court to usurp their constitutional rights. (See **Ex. B hereto**, transcript of admin. hearing over summons, at pg.13 to end).

2.5 **Ex. A** at its pg. _1_ shows that the Defendants seek a tax which is not even imposed by 26 USC, a sort of *1040 tax*. Of all excise and income taxes imposed by 26 USC, Plaintiff has found ZERO which purport to be a "1040 tax." This fact makes such demands a criminal violation of 26 USC § 7214. **Exhibit C hereto** is relevant copies of 26 CFR 602.101.

2.6 Plaintiff is expediting the filing of this Complaint under the impression that the Defendants and each of them intend to commit crimes against him in kind with those committed by Edward E. Groves in *Hardy* in the very near future. Plaintiff will amend this Complaint if the Court finds it deficient, and he welcomes any necessary instruction. This is being filed as a step toward establishing for the record those truths essential to fair and equitable treatment by the system, the necessity for such being borne of the Defendants' proclivities to stretch out of shape all which is cloaked in complexity or subject to the slightest interpretation.

2.7 Plaintiff expects to be a party to an action falsely brought against him by the Defendants and each of them. Uncertainty at present as to the precise language of the Defendant's representation of the Plaintiff's status to the Grand Jury and to others prevents the Plaintiff from stating a claim with specificity sufficient to survive Rule 8, 9, or 12(b) challenges.

2.8 Plaintiff has good cause to believe, and will handily establish, that false representations as to the applicability to him of 26 USC § 7602 (IRS summons authority) are being made by the Defendants.

2.9 The testimony sought by Plaintiff is that which will reveal with realistic discussion of the law that compliance information essential to Plaintiff's being able to live without the Defendants digging through his affairs and bothering his relatives and associates on a daily basis. If the Defendants have lawful authority to talk to the Plaintiff then it will be proven. If the law

allows the Plaintiff to file the Form 1040 it will be proven. If Congress has imposed the "1040 tax" it will be proven <u>with statute</u> and not with regulation.

2.10 The attached memorandum contains questions for review after each issue briefed therein which detail the nature of the testimony sought hereby, and is incorporated by this reference as if fully restated herein, as is Plaintiff's affidavit of belief in his legal claims and Congress' protections. (See **Ex. D** hereto). While the Defendants will give Plaintiff every reason to believe that he has no duty of any nature under 26 USC, he stands to be prosecuted as if he were *willful*, however false such an allegation might be. (See *Hardy, supra*).

2.11 This is no ploy to disrupt the function or operation of a Grand Jury. If the Defendants are acting *ultra vires*, as is starkly apparent, Plaintiff has every right to reveal it by this mere measure of due process, and the Court and Grand Jury have high stakes in the outcome which will prove that the Defendants view them as mere arms of an artifice of high crime, unwitting or not. It is not interference Plaintiff seeks to inject by this action, but rather he seeks to preserve rights to privacy and to property, and to prevent the Grand Jury, and then this Court, from being used to further the Defendants' crimes against him.

2.12 The Defendants cannot come close to a discussion of the <u>laws</u> upon which the Plaintiff relies for protections, from Congress. This proves him to lack a lawful obligation to comply with the subject summons as well as criminal intent or awareness of any fraud to the U.S. which his lawful conduct may constitute, and it proves him to not be "willfully" violating the law when doing what the Defendant cannot disprove as lawful, yet he stands to be prosecuted and to endure home invasion by the Defendants. How does one willfully violate secret law, how does the Defendant operate under secret authority? Plaintiff seeks to depose:

> 1. Defendant JAMES ASHTON is the author of the correspondence found at **Exhibit A**, pg. _9_ and an individual with whom Plaintiff has personally interacted, and will testify that the protections claimed by the Plaintiff are valid and lawful, <u>OR</u> Mr. Ashton will provide concise indulgence and sound refutation based on law of those protections perceived by the Plaintiff as briefed and as unanswered in other federal civil and criminal actions and matters. Address of:
>
> > Internal Revenue Service
> > 215 W. 26th
> > Bryan, TX   77803

COMPLAINT TO PERPETUATE TESTIMONY;
F.R.Civ.P. 27, 5 USC §§ 701-706.   Page 4 of 7

2. Defendant JAMES F. PANISCZCYN claims to be 'Chief of Civil Division' at the same address as Defendant James Ashton #1. (See **Ex. A** at its pg. _[2]_ and will testify that the protections claimed by the Plaintiff are valid and lawful, <u>OR</u> Mr. Ashton will provide concise indulgence and sound refutation based on law of those protections perceived by the Plaintiff as briefed and as unanswered in other federal civil and criminal actions and matters.

2.13 At a future date Plaintiff may need also to depose the following individuals if secrecy about the operation of the law and of how Plaintiff is purportedly mistaken about the law persists.

3. Alberto Gonzales is the U.S. Attorney General who will state that Defendants violated U.S. policy by failing to apply realistically those statutes and regulations relied upon by the Plaintiff for protections as briefed. <u>OR</u>, Mr. Gonzales will provide concise indulgence and sound refutation based on law of those protections perceived by the Plaintiff as briefed and as unanswered in other federal civil and criminal actions and matters. Address of:

> Alberto Gonzales
> U.S. Department of Justice
> 950 Pennsylvania Avenue, NW
> Washington, DC 20530-0001

4. Edward E. Groves (U.S. "special" Attorney) will admit in deposition to lying to a federal magistrate to obtain a warrant to steal $200k (U.S.) from a bank account, and will admit to concealing over 300 pages of documents in violation of discovery rules (*Jenks Act*), all in *Hardy*, 18 USC § 371, 26 USC 7203 charges. Address of:

> U.S. Dept. of Justice, Tax Division
> 950 Pennsylvania Ave., NW Room 4132
> Washington, D.C. 20530

5. Mark Everson is 'Commission of Internal Revenue' for Defendant UNITED STATES and will testify either that the protections claimed by the Plaintiff are valid and lawful, <u>OR</u> he will provide concise indulgence and sound refutation based on law of those protections perceived by the Plaintiff as briefed and as unanswered in other federal civil and criminal actions and matters. Mr. Everson will be very helpful because of his 'Mission' as Commissioner of Internal Revenue is -

> "The IRS Mission: Provide America's taxpayers top quality service by helping them <u>understand and meet their tax responsibilities</u> and by <u>applying the tax law with integrity and fairness to all</u>."

> Source is "http://www.irs.gov/irs/article/0,,id=98141,00.html"

COMPLAINT TO PERPETUATE TESTIMONY;
F.R.Civ.P. 27, 5 USC §§ 701-706.   Page 5 of 7

(#5 cont'd) Mr. Everson has the address of:

> Internal Revenue Service
> Office of the Commissioner
> c/o 1111 Constitution Avenue, N.W.
> Washington, D.C. 20081

6. John Snow is Secretary of Treasury for Defendant UNITED STATES and will provide ample proof of authority act outside of Washington D.C. as required by 4 USC § 72, proof which the DOJ still hasn't been able to produce despite having been confronted with it in open court more than once. Address of:

> Department of the Treasury
> 1500 Pennsylvania Avenue NW
> Washington, D.C. 20220

2.14 Defendants and each of them are operating in excess of statutory authority, they are abusing their discretion, and the resulting consequence is violative of Constitutional rights to privacy, to property, and to due process. (See attached Memo).

2.15 It is not the Plaintiff to whom Defendants will be answering, but rather it is Congress, and every gov't official is presumed to know the bounds of their authority; there's nothing mischievous or sinister in Plaintiff's designs. Silence only serves to deprive the Plaintiff of his right to arranges his affairs according to Congress, according to the law.

2.16 Plaintiff sees this action as a necessary ounce of prevention. To allow the Defendants to proceed against the Plaintiff while the law remains a secret is a violation of due process of the most basic sort. Mr. Hardy is a victim. Plaintiff is hoping to avoid treatment in kind by developing yet even further proof of his innocence.

## III. RELIEF REQUESTED.

3.1 WHEREFORE, Plaintiff requests those discovery rights duly afforded parties commencing civil actions in federal court, and that this Court provide the necessary and specific orders, summons and subpoenas to allow Plaintiff to move forward with perpetuation of testimony. This would include individuals not yet named, discovered or known to exist by the Plaintiff.

3.2 Plaintiff further requests that the Defendant UNITED STATES be instructed to afford adequate facilities for the purposes of depositions and inspection of documents. Plaintiff would

COMPLAINT TO PERPETUATE TESTIMONY;
F.R.Civ.P. 27, 5 USC §§ 701-706.   Page 6 of 7

require seating at depositions for at least himself, his co-counsel or attorney perhaps, two assistants, and room for camera and operator, in addition to access with reasonable time (1 hour) prior to the deposition for set up and preparation.

3.3 Plaintiff requests that this Court review the actions of the Defendants for possible affronts to constitutional guarantees, violations of statute, and abuses of discretions as provided for under 5 USC §§ 701-706 (Administrative Procedures Act) if silence persists under discovery rules and administratively. The other relief requested will greatly enhance the Court's ability to conduct said review.

3.4 Plaintiff requests the Court's permission, if necessary, to serve the Defendants with interrogatories, request for admissions, and that it give leave for subpoena duces tecum in this case should such appear useful in the ultimate resolution of this controversy.

3.5 Plaintiff requests leave to amend this complaint, and instruction as to the specific deficiencies and possible cures if it is deemed by the Court at any point to be deficient under rule or otherwise. Plaintiff also requests leave to amend this complaint to include damages for tort if indeed Defendants remain unable to provide evidence of their authority under the perceived statutory restrictions briefed in Plaintiff's supporting memorandum.

3.6 Plaintiff requests a preliminary order that since review of statutory authority is sought, and since the Defendants must know their governing statutes and apply them realistically, queries in discovery from the Plaintiff regarding enforcement, interpretation, and policy of and under tax statutes and regulations shall be answered to the best of Defendants' abilities, and that they share instructional materials which reveal agency interpretation of any and all statute that apply or are said to apply to the Plaintiff. (See memorandum at ¶¶ 2.14 to 3.4, and 3.26 to 3.40). How to comply and why, specificity of reply, work product reflecting the application of law, etc., compulsory indulgence can only serve judicial economy under an action such as this one.

Dated: June 13, 2005                    Respectfully submitted:

                                         _____
                                         Jim L. Walden
                                         1100 Woods Loop
                                         Driftwood, TX 78619

COMPLAINT TO PERPETUATE TESTIMONY;
F.R.Civ.P. 27, 5 USC §§ 701-706.   Page 7 of 7